UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 14-2533-Simonton

UNITED STATES OF AMERICA

vs.

Florin CLAUDIU
Victor TICUS
Marinel Aurelian CAPRA
Laurentiu GRIMBERG, and
Florian Laurentiu NICOLA

     **Defendants.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

BY: _____
        MARC OSBORNE
        ASSISTANT UNITED STATES ATTORNEY
        Florida Bar No./Court No. A5500796
        500 S. Australian Avenue, Suite 400
        West Palm Beach, FL 33401-6235
        Tel: (561) 820-8711
        Fax: (561) 820-8777
        Email: marc.osborne@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| Florin Claudiu, Victor Ticus, Marinel Aurelian Capra, Laurentiu Grimberg, and Florian Laurentiu Nicola | ) Case No. 14-2533-Simonton |
| | ) |
| | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 2013 through 4/30/2014__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1029(b)(2), (a)(1), and (a)(4) | Conspiracy to commit access device fraud and conspiracy to commit bank fraud |
| 18 U.S.C. §§ 1349 and 1344 | |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Manuel Hernandez, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/1/14

_____
*Judge's signature*

City and state: MIAMI, FLORIDA

ANDREA M. SIMONTON, MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Manuel Hernandez, being first duly sworn, hereby depose and state as follows:

I make this affidavit in support of a complaint charging Florin CLAUDIU, Victor TICUS, Marinel Aurelian CAPRA, Laurentiu GRIMBERG, and Florian Laurentiu NICOLA with conspiracy to commit access device fraud and conspiracy to commit bank fraud from in or around May 2013 through on or about April 26, 2014.

I am a Special Agent of the United States Department of Homeland Security Immigration Customs Enforcement Agency office of Homeland Security Investigations ("HSI"), and have been so employed since March 2010. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, Section 2516. I am currently assigned to the HSI Miami Special Agent in Charge. Prior to HSI, I served as a Special Agent of the United States Department of Health and Human Services Office of the Inspector General from approximately March 2005 until February 2010. During my tenure as a special agent, I have conducted numerous criminal investigations into, among other crimes, bank fraud, fraud and related activity in connection with access devices, fraud and related activity in connection with identification documents, authentication features and information, aggravated identity theft and conspiracy.

The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, bank surveillance video, bank transaction records, leasing records, State of Florida Motor Vehicle records, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not set forth all of my knowledge about this matter.

Your affiant is investigating a suspected case involving a scheme to defraud generally

referred to as ATM Skimming. In this scheme, a small portable card-reading device ("skimming device") is placed over or inside of the mouth of the card slot of a bank automated teller machine (ATM) to create a false front. The skimming device is often attached using glue. This skimming device reads and stores the information encoded on the magnetic strips of the debit or credit cards that are introduced in the ATM by legitimate bank customers. A miniature camera is surreptitiously mounted somewhere on the ATM, usually concealed within the light panel or built into the device itself, to capture customers entering their Personal Identification Number ("PIN") access codes. After the perpetrators of the scheme have removed the undetected skimming device and camera, the debit card numbers stored in the skimming device and the video from the camera are electronically extracted ("downloaded") from the skimming device using a computer. The downloaded debit card numbers are subsequently electronically re-encoded onto the magnetic strips of blank plastic cards or gift cards. These manufactured cards, containing the legitimate bank customers' information, then serve in place of the actual bank debit cards. The video, obtained from the camera, is reviewed by the perpetrators in order to obtain the customers' PIN access codes. These counterfeit debit cards are then used in combination with PIN access codes to make unauthorized withdrawals from the legitimate bank customers' accounts.

In support of this complaint, I incorporate my affidavit from *United States v. Lupu*, Case No. 14-2529-Simonton. A copy of this affidavit is attached hereto. As set forth in more detail there, beginning no later than May 2013 and continuing through no earlier than April 26, 2014, Florian Claudiu MARTIN and others were captured on SunTrust Bank ATM Surveillance video installing, maintaining, and removing both skimming devices and the corresponding video cameras as well as conducting unauthorized withdrawals from compromised bank accounts.

2

MARTIN was involved in at least 45 different skimming events wherein approximately 639 bank cards were compromised, resulting in an actual loss to SunTrust Bank of approximately $134,960. Generally, other individuals besides MARTIN were also involved in these same 45 incidents. My investigation indicated that MARTIN lived at The Grand Condominium, 1717 North Bayshore Drive Miami FL, unit 3556, and that he paid the monthly rent of that unit as well as units 2037, 2542, and 4244 in the same building in cash.

On Tuesday, April 29, 2014, the Honorable Andrea M. Simonton issued a warrant for Martin's arrest in Case No. 14-2512-Simonton. At approximately 6:00 AM yesterday, April 30, 2014, I and other HSI and Federal agents and law enforcement officers went to the four units of the Grand Condominium for which MARTIN pays the rent in cash, including apartment 3556. Based on information obtained while attempting to locate MARTIN, yesterday, April 30, 2014, the Honorable Andrea M. Simonton issued warrants to search units 3556, 2037, and 2542.

Upon entering unit 3556, agents encountered six individuals, including CLAUDIU, TICUS, CAPRA, and GRIMBERG.

Based on my review of still photographs from SunTrust Bank ATM surveillance video, CLAUDIU appears to have removed skimming devices and/or video cameras from a SunTrust Bank Lincoln Road Mall branch ATM in Miami-Dade County in five separate incidents, on February 13, 15, 17, 22, and 23, 2014. On April 30, 2014, agents asked CLAUDIU where he lived and he identified his bedroom in unit 3556. When searching that bedroom, agents found two shirts that appear to match shirts that CLAUDIU wore when removing the skimming devices and/or video cameras during two of these incidents.

Based on my review of still photographs from SunTrust Bank ATM surveillance video, TICUS appears to have installed a skimming device and/or video camera on a SunTrust Bank

3

International Center branch ATM in Miami-Dade County on December 24, 2013 and he appears to have made an unauthorized withdrawal of funds at a SunTrust Bank Coral Ridge branch ATM in Broward County on October 29, 2013 from an account that was compromised during one of the 45 skimming incidents already discussed. On April 30, 2014, agents asked TICUS where he lived. TICUS identified his bedroom in unit 3556 and identified the portion of the dresser that he used. In his portion of the dresser, an agent found two portable hard drives. An agent also found a number of prepaid cards, gift cards, and debit cards. Some of the gift cards had white stickers attached to them on which were written four-digit numbers. Based on my training and experience, I know that gift cards can be reencoded to function as counterfeit debit (ATM) cards, as described above, and that ATM PINs are often four-digit numbers.

CAPRA appears to have installed a skimming device and/or video camera on a SunTrust Bank Lincoln Road Mall branch ATM on February 17, 2014 and he appears to have been one of three people who made an unauthorized withdrawal of funds at a SunTrust Bank International Center branch ATM on January 12, 2014 from an account that was compromised during one of the 45 skimming incidents already discussed. After being informed of his *Miranda* rights, CAPRA agreed to speak to agents without an attorney present. When shown the two still photographs just discussed, CAPRA admitted he was the person in the photographs.

Based on my review of still photographs from SunTrust Bank ATM surveillance video, GRIMBERG appears to have installed a skimming device and/or video camera on a SunTrust Bank Coral Ridge branch ATM on February 10, 2014 and removed it later that day. He also appears to have made unauthorized withdrawals of funds at a SunTrust Lincoln Road Mall branch ATM on February 14, 2014 from one or more accounts that were compromised during one or more of the 45 skimming incidents already discussed. On April 30, 2014, agents asked

GRIMBERG for his passport to verify his immigration status. GRIMBERG stated that his passport was located in a brown bag in one of the bedrooms in unit 3556. An agent opened the bag and found, among other things, approximately $22,711 in cash in bills that included hundreds, fifties, and twenties. The agent also found a number of bank cards and gift cards, including American Express gift cards with white stickers attached to them. On the stickers were written four-digit codes and people's names.

Upon entering unit 2542, agents encountered NICOLA and Florian Claudiu DRAGHICI. In plain view in the apartment, agents observed two partially constructed skimming devices on the bathroom sink. Agents also observed in plain view chemicals and soldering devices that I know from my training and experience can be used in the manufacture of skimming devices. Agents asked NICOLA for his passport to verify his immigration status. He directed them to a bag in which agents found his passport and rubber-banded bundle of gift cards, pre-paid cards, etc. Agents checked five cards from this bundle. All five were reencoded, meaning that the account number encoded on the magnetic strip did not match the number printed on the card. After being informed of his *Miranda* rights, NICOLA agreed to speak to agents without an attorney present. NICOLA stated that an individual named Ivan hired NICOLA and DRAGHICI to watch over the apartment and the equipment inside it. He stated that Ivan directed them that they were not to leave the unit empty and that they had to call Ivan and get his permission before leaving the apartment. NICOLA stated that Ivan paid them to perform this service.

Respectfully submitted,

Manuel Hernandez
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on this \_\_\_1st\_\_\_ day of May, 2014

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE